# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DIRECT STEEL, LLC,** | ) |
| | )    **Civil Action No. 24-cv-01239** |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| **MID-CONTINENT CASUALTY COMPANY, OKLAHOMA SURETY COMPANY and TRI-C CIVIL CONSTRUCTION, LLC,** | ) |
| | ) |
| Respondents. | ) |

**MOTION TO ENTER JUDGMENT AGAINST TRI-C CIVIL CONSTRUCTION, LLC**

      Petitioner, Direct Steel, LLC, by and through its attorneys, LAURIE & BRENNAN, LLP, pursuant to the Federal Arbitration Act, 9 U.S.C. §9 and §13, moves this Honorable Court to enter judgment against Tri-C Civil Construction, LLC. In support, Petitioner states as follows:

      1.      In October 2023, the Parties engaged in arbitration proceedings administered by the American Arbitration Association arising out of Petitioner's claim against Tri-C Civil Construction LLC, ("Tri-C"), Mid-Continent Casualty Company (Mid-Continent), and Oklahoma Surety ("Oklahoma") (the "Arbitration").

      2.      On December 12, 2023, the arbitrator issued an Award in the Arbitration (the "Award"). *See* Award attached as <u>Exhibit 1</u>.

3. On February 13, 2024, Direct Steel filed a petition to confirm the Award, in part, and vacate, in part, pursuant to the Federal Arbitration Act (the "FAA" or "Act"), 9 U.S.C. § 1, *et seq*. (the "Petition"). *See* Petition to Confirm Arbitral Award in Part and Vacate in Part, Dkt #1 and attached hereto as Exhibit 2 (without exhibits).

4. In its Petition, Direct Steel seeks an order from this Court under the Federal Arbitration Act 9 U.S.C. § 9/9 U.S.C. § 207, confirming the portion of the Award rendered in an arbitration before Arbitrator Paulo Flores, finding that Tri-C defaulted on the Paving Subcontract and awarding damages to Direct Steel, and entry of judgment thereon pursuant to 9 U.S.C. § 13.

5. Direct Steel's Petition seeking an order from this Court vacating the portion of the Award in favor of the Surety is currently being briefed by the parties in accordance with this Court's March 26, 2024 briefing schedule. Dkt #23.

6. On February 28, 2024, Direct Steel served Tri-C with the Petition through its counsel via electronic mail. *See* February 28, 2024 Email attached hereto as Exhibit 3[1] (without attachments).

7. The arbitration in this matter proceeded with the American Arbitration Association under the Construction Industry Arbitration Rules.

8. The parties agreed to accept service by email and all pleadings and documents were exchanged via email. Service of this Petition by electronic mail is proper since all parties agreed to such service by their agreement to the AAA rules. *See Aperion Care, Inc. v. Senwell Senior*

---

[1] In addition, Petitioner attempted to serve Tri-C through a process server but learned that Tri-C' registered agent address was not a physical address as required by Louisiana law but was a post office box. Petitioner made additional efforts to serve Tri-C at their physical address through both a process server and the United States Marshall Service. However, Tri-C avoided these efforts to accept service. Further, on February 27, 2024, counsel for Petitioner sent counsel for Tri-C an e-mail advising that Tri-C did not have a physical address for its registered agent and asked counsel to accept service. Counsel never responded.

*Inv. Advisors*, No. 22 C 3120, 2022 WL 10505696, at *2 (N.D. Ill. Oct. 17, 2022) *citing Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 573 (7th Cir. 2007) ("A district court will enforce the governing rules to which arbitrating parties have agreed.").

9. Tri-C has not appeared in this matter and, more importantly, has not filed a motion to vacate that portion of the Award relating to Tri-C. No party has filed a motion to vacate, modify, or correct the portion of the Award relating to Tri-C[2]. The deadline for Tri-C to challenge this portion of the Award through a motion to vacate was on March 12, 2024. 9 U.S.C. §12.

10. In the Award, the arbitrator awarded Direct Steel the total amount of $2,497,756.50 against Tri-C to be paid on or before 30 days of the Award – on or before January 11, 2024.

11. Tri-C failed to pay the amount due and its legal counsel has refused to provide any date certain when such amount will be paid.

12. Direct Steel seeks judicial confirmation of the portion of the Award in which Arbitrator Flores found that Tri-C defaulted on the Paving Subcontract and that Tri-C's default damaged Direct Steel in the amount of $1,824,148 plus (i) interest at 12% per annum in the amount of $146,784, (ii) reasonable attorneys' fees of $322,000, (iii) expert costs of $165,395, (iv) other recoverable costs of $12,472; and (v) administrative fees for the American Arbitration Association in the amount of $26,957.50, for a total Award for Direct Steel against Tri-C in the amount of $2,497,756.50.

13. Direct Steel requests this Court enter judgment on the portion of the Award regarding Tri-C in the amount of $2,497,756.50 plus interest at 8.5% commencing on January 12,

---

[2] Respondents, Mid-Continent and Oklahoma, filed a Motion to Confirm this portion of the Award in *Oklahoma Surety Company, et al. v. Direct Steel, LLC*, Case No. 24-cv-2493.

2024. *See* Award providing that: "The award shall incur post-award interest at the rate of 8.5% per annum commencing on the 31st day after the date of the award if not timely paid."

14. Direct Steel will serve this Motion to Enter Judgment on counsel for Tri-C at the time of its filing.

## CONCLUSION

For the reasons set forth above, Direct Steel, LLC asks this Honorable Court to:

(1) Issue an order pursuant to 9 U.S.C. § 9 and §13 confirming the portion of the arbitration award annexed hereto as **Exhibit 1** by Arbitrator Flores dated December 12, 2023 finding that Tri-C defaulted on the Paving Subcontract and direct that judgment be entered thereon.

(2) Enter judgment thereon pursuant to 9 U.S.C. § 13 against Tri-C Civil Construction, LLC and in favor of Direct Steel, LLC in the amount of $2,497,756.50, plus interest at 8.5% commencing on January 12, 2024, plus attorney's fees and costs incurred to affirm the Award.

(3) Allow for Direct Steel, LLC to proceed with collection proceedings against Tri-C Civil Construction, LLC for the recovery of $2,497,756.50.

(4) Award Direct Steel such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Kendall E. Woods

Attorney for Direct Steel, LLC

Ryan A. Hiss
Kendall E. Woods
LAURIE & BRENNAN LLP
2 N. Riverside Plaza, Ste. 1750
Chicago, IL 60606
Tel: (312) 470-6021
rhiss@lauriebrennan.com
kwoods@lauriebrennan.com
Counsel for Petitioner

## CERTIFICATE OF SERVICE

I, Kendall E. Woods, hereby certify that on April 4, 2024, a true copy of the above document was filed by the CM/SCF systems which will provide notice to counsel of record. I also served the below counsel via email service on April 4, 2024:

Denise C. Puente (Denisep@spsr-law.com)
Luke LaRocca (Lukel@spsr-law.com)
Simon, Peragine, Smith & Redfearn, LLP
1100 Poydras St., Suite 3000
New Orleans, LA 70163
***Counsel for Tri-C Civil Construction, LLC***

                                                                           _/s/ Kendall E. Woods_____

                                                                           Kendall E. Woods